# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1311

_____

United States of America

*Plaintiff - Appellee*

v.

Edi Montes-Gutierrez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: December 9, 2019
Filed: February 7, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Edi Montes-Gutierrez pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C.

§ 2.  The district court[1] sentenced Montes-Gutierrez to 135 months of imprisonment, below the 168 to 210 month range recommended by the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") and calculated by the district court. When determining the Guidelines range, the district court determined Montes-Gutierrez's base offense level was 38 due in part to the amount of methamphetamine involved in his offense.  *See* U.S.S.G. § 2D1.1(c)(1) (providing drug quantity table for determining base offense level).  This conclusion was dependent on testimony by an informant, who claimed Montes-Gutierrez and another man had provided him approximately fifteen pounds of methamphetamine.

On appeal, Montes-Gutierrez argues the district court wrongly credited the informant's testimony about the amount of drugs he bought from Montes-Gutierrez and thus improperly calculated the offense level and Guidelines range.  According to Montes-Gutierrez, the informant's testimony was not to be believed because it was inconsistent, unreliable, and uncorroborated.

Reviewing the district court's drug-quantity determination for clear error, we reject Montes-Gutierrez's credibility-based challenge.  *See United States v. Spencer*, 592 F.3d 866, 881 (8th Cir. 2010) (setting forth the standard of review and our deference to the district court's credibility determinations).  The district court cogently explained its reasons for believing the informant witness regarding the amount of methamphetamine involved in the offense, and we detect no clear error in its conclusion.

The judgment of the district court is affirmed.

_____

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.